**Robert LEIDIGH, Jr. and
John R. Zonarich**

v.

**READING PLAZA GENERAL, INCOR-
PORATED, T/A Reading Station Associ-
ates Limited Partnership, Appellant.**

Superior Court of Pennsylvania.

Argued Aug. 31, 1993.
Filed Jan. 14, 1994.

Anne E. Doliner, Lancaster, for appellant.

Thomas R. Miller, Harrisburg, for appel-
lees.

Before DEL SOLE, FORD ELLIOTT and
HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from the January 21,
1993 order dismissing appellant's post-trial
motions. Appellant, Reading Plaza General
Incorporated, t/a Reading Station Associates
Limited Partnership (hereinafter "Reading

Station Associates"), presents the following questions for our review:

> A. WHETHER APPELLEE WAS ENTITLED TO RELY ON AN ALLEGED AGENT, WHERE APPELLEE FAILED TO EXERCISE REASONABLE DILIGENCE IN ORDER TO ASCERTAIN THE AUTHORITY OF THE AGENT, AND WAS ON NOTICE THAT THE AGENT HAD LIMITED AUTHORITY?
>
> B. WHETHER AN OUT-OF-COURT STATEMENT WAS INADMISSIBLE WHEN IT WAS OFFERED FOR THE TRUTH OF THE MATTER ASSERTED AND THE INDIVIDUAL WHO CREATED AND AUTHORED THE DOCUMENT DID NOT TESTIFY DURING THE TRIAL?

Appellant's Brief at 3. For the reasons set forth below, we affirm.

The relevant facts, as stated by the trial court, are as follows:

> In 1990, [appellees] had for sale a [sic] 1892 Jackson Sharpe railroad dining car. They contacted a Mr. Norman Jensen who acted on their behalf in locating prospective buyers.
>
> In early 1990, Jensen informed [appellee] John Zonarich that he had prospective buyers. Prospective buyers were Steve Miller and Greg Boyle, an employee and limited partner of [appellant].[1] Negotiations for the car continued through early 1990. On April 6, 1990, an Agreement of Sale was signed by Greg Boyle, a [limited] partner [of appellant] for the purchase of the car on behalf of [appellant].
>
> .    .    .    .    .
>
> By May of 1990, Greg Boyle, acting on behalf of [appellant], authorized and directed Norman Jensen to move the dining car. A check was executed by Ben Hauben, general partner of [appellant], as partial payment for the moving expense. [Appellant] had the car moved from Caladonia State Park.
>
> By the Spring of 1991, [appellees] still had not been paid pursuant to the terms of the

Sales Agreement for the dining car that [appellant] had taken possession of. [Appellees] brought this action in equity seeking specific performance. [Appellant] responded by alleging that Greg Boyle had no authority to bind [appellant] to the Agreements. An advisory jury trial held May 6 through May 8, 1992, found that [appellees] acted reasonably in believing Greg Boyle had authority to enter into an Agreement of Sale on behalf of [appellant]. It was also found that Ben Hauben, as general partner [of appellant], was aware of Boyle's participation in the negotiation and purchase of the dining car.

Trial Court Opinion at 1–3. Thereafter, on June 17, 1992, the trial court accepted the jury's findings and entered judgment in favor of appellees. Post-trial motions were filed and denied. This timely appeal followed.

## I.

Appellant first contends that there was insufficient evidence to support a finding of apparent authority. We disagree.

■ Preliminarily, we point out that the scope of review of a final decree in equity is limited and will not be disturbed unless it is unsupported by the evidence or demonstrably capricious. *Commonwealth Dept. of Environmental Resources v. Pennsylvania Power Co.*, 461 Pa. 675, 686, 337 A.2d 823, 829 (1975) (citations omitted). With this standard in mind, we will turn to the merits of appellant's claim.

■ It is well-settled that "[a]pparent authority exists where a principal, *by words or conduct*, leads people with whom the alleged agent deals to believe that the principal has granted the agent authority he or she purports to exercise." *Turner Hydraulics v. Susquehanna Const.*, 414 Pa.Super. 130, 135, 606 A.2d 532, 534 (1992) (citation omitted). However, this court has not always required direct communication from the principal to the third party. Rather, this court has found apparent authority to be established with a showing of: (1) limited authority given to the

---

1. The dining car was intended by Miller and Boyle to be used in completing the Reading Station Project, a project undertaken by appel-    lant to build an outlet mall on the former Reading Railroad yards.

agent by the principal; and (2) conduct of the agent which demonstrates to the third-party the agent's apparent authority to bind the principal. *See Turner.*

After reviewing the evidence in a light most favorable to appellees, Robert Leidigh, Jr. and John R. Zonarich, as the verdict winners, we find that it supports a finding of apparent authority. First, the General Partner of appellant, Ben Hauben (hereinafter "Hauben"), testified that he did give Greg Boyle (hereinafter "Boyle") the limited authority to enter into negotiations with parties interested in leasing space in Reading Station Project. N.T., May 6, 7 and 8, 1992, at 139. In fact, Boyle himself had previously bound appellant to two lease agreements. N.T. at 135. In addition, through his course of dealing with appellee Zonarich (hereinafter "Zonarich"), Boyle held himself out to Zonarich as having the apparent authority to bind appellant to the contract of sale of the dining car. *See, e.g.,* N.T. at 23–24, 28, 32, 36. These negotiations resulted in the sending of two letters indicating appellant's intent to purchase the dining car,[2] N.T. at 24–27, a contract of sale signed by Boyle on behalf of appellant and appellant's payment of relocation expenses for the dining car after the contract of sale had been completed.[3] Clearly, Zonarich's belief that Boyle had the apparent authority to bind appellant was reasonable. Hence, the evidence was sufficient to establish Boyle's apparent authority.

■ Appellant asserts, nonetheless, that since Zonarich failed to ask Boyle whether he had the actual authority to bind appellant to the contract of sale, Zonarich was not entitled to rely upon Boyle's apparent authority. We disagree. As appellant correctly points out, a "third party is entitled to believe [an] agent has the authority he purports to exercise only where a person of *ordinary* pru-

dence, diligence and discretion would so believe." *Bolus v. United Penn Bank,* 363 Pa.Super. 247, 262, 525 A.2d 1215, 1222 (1987) (citations omitted), *appeal denied,* 518 Pa. 627, 541 A.2d 1138 (1988) (emphasis added). In light of Boyle's limited authority as well as his representations to Zonarich, we do not find it was unreasonable for Zonarich to rely upon Boyle's apparent authority.[4] Hence, this claim must fail.

■ Finally, appellant contends that as the registration of limited partnership put Zonarich on constructive notice that limited partners could not bind appellant to any agreements, Zonarich should have known that Boyle did not have the authority to bind appellant to the contract of sale. This argument is without merit. The partnership registration provides, in pertinent part, that "[n]o limited partner is [sic] his capacity as a Limited Partner shall take part in the conduct or control of the business of the partnership or have any right or authority to act for or bind the partnership." N.T. at 130. Hence, Boyle has no authority to act for or bind the partnership by virtue of his status as limited partner. However, it is clear that the general partner has the ability to delegate his authority to a limited partner despite the registration's limitation of authority.[5] *See, e.g.,* N.T. at 131. Hence, as the partnership registration does not indicate the extent to which Hauben may have delegated his authority to Boyle, we find that Zonarich was justified in relying upon Boyle's apparent authority despite Zonarich's constructive notice of the partnership registration.

## II.

■ Appellant next claims that the trial court erred in admitting into evidence the March 21, 1990 and March 27, 1990 letters of

---

**2.** These letters also noted that carbon copies were sent to Boyle and Hauben.

**3.** The moving expenses were paid for with a check signed by Hauben on behalf of appellant. N.T. at 122, 124, 156, 159.

**4.** Moreover, even if Zonarich had asked Boyle whether he had the authority to bind appellant to the agreement of sale, from the trial court transcript, it appears that Boyle thought that he did

have the authority to enter into the agreement on behalf of appellant. Therefore, any failure to ask Boyle about his authority would have been inconsequential. *See* N.T. at 119, 126–27.

**5.** As mentioned above, the general partner, Hauben, authorized Boyle to both enter into leasing negotiations with interested parties and, on two occasions, bind appellant to lease agreements.

intent as they constituted inadmissible hearsay. We disagree.

It is well-settled that " '[t]estimony as to an out of court statement, written or oral, is not hearsay if offered to prove, not that the content of the statement was true, but that the statement was made.' " *Bachman v. Artinger,* 285 Pa.Super. 57, 63, 426 A.2d 702, 705 (1981) (quoting *Commonwealth v. Samuels,* 235 Pa.Super. 192, 204, 340 A.2d 880, 886 (1975)) (citations omitted). The letters of March 21, 1990 and March 27, 1990 were introduced through appellees' counsel's questioning of Boyle and Zonarich. As to the questioning of Boyle, counsel for appellees withdrew his question upon appellant's objection and, hence, there was no prejudice to appellant.

Regarding the questioning of Zonarich, counsel asked Zonarich whether the March 21, 1990 letter of intent and the revised March 27, 1992 letter of intent both indicated that a carbon copy had been sent to Hauben. Zonarich replied that they did. As appellees correctly point out, the document was not used to establish whether the letters of intent had been sent to Hauben but, rather, to demonstrate that Zonarich had been notified that copies of the letters had been sent to Hauben. Clearly, the questioning was intended to demonstrate that as Zonarich had been notified that a copy of the letter of intent was to be sent to the general partner, appellant's reliance upon Boyle's apparent authority was reasonable. Accordingly, as the letters were not offered for their truth, the trial court properly overruled appellant's objections.

We affirm the order of the trial court.

Order affirmed.